# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JASON MEREDITH**                                                                **PETITIONER**

**V.                          CASE NO.  4:26CV000053**

**DIRECTOR DEXTER PAYNE, Director,**
**Arkansas Division of Correction                                            RESPONDENT**

## REPLY TO MEREDITH'S RESPONSE TO MOTION TO DISMISS

On February 12, 2026, Director Dextor Payne filed a motion to dismiss Petitioner Jason Meredith's habeas petition because it was filed 27 years too late. R. Docs. 6 & 7.  This is so, because his petition for postconviction relief was overlength and failed to comply with the formatting requirements in Ark. R. Crim. P. 37.1(b) and, thus, did not toll the one-year statute of limitations for filing a habeas petition.  In response, Meredith advances three arguments.  None has merit, and his petition should be dismissed with prejudice as untimely.

First, Meredith claims that, because the state trial court and the Arkansas Supreme Court alternatively decided the merits of the claims in his Rule 37 petition, his noncompliance with state procedural rules is excused.  R. Doc. 8 at 2-3.  It's irrelevant, however, that the state courts alternatively decided the merits of Meredith's claims because his Rule 37 petition undisputedly failed to comply with Ark. R. Crim. P. 37.1(b).  *See Artuz v. Bennett*, 531 U.S. 4, 9 (2000) ("[T]he

question whether an application has been 'properly filed' is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.") (emphasis removed).  The trial court dismissed Meredith's petition for noncompliance (R. Doc. 3-2 at 373-375; RP 370-372), and the Arkansas Supreme Court affirmed that dismissal.  *Meredith v. State*, 708 S.W.3d 765, 767 (Ark. 2025).  The Arkansas Supreme Court's holding that his petition didn't comply with the applicable filing rules is "the end of the matter" for purposes of whether a petition is "properly filed" under § 2244(d)(2).  *Nelson v. Norris*, 618 F.3d 886, 892 (8th Cir. 2010); *see also Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

Second, Meredith insists that, unlike the time limit and verification requirements found in Ark. R. Crim. P. 37.2(c) and 37.1(c), the formatting requirements in Ark. R. Crim. P. 37.1(b) are non-jurisdictional.  R. Doc. 8 at 3.  But it doesn't matter whether a procedural rule is jurisdictional or non-jurisdictional.  "Failure to comply with the state's procedural rules will bar the petition as not 'properly filed,' regardless whether it is labeled a jurisdictional requirement."  *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006); *see also Artuz*, 531 U.S. at 8.  Meredith didn't comply with Ark. R. Crim. P. 37.1(b), so his petition was not "properly filed" and did not toll the one-year statute of limitations for filing a habeas petition.  *See McKinney v. Payne*, No. 4:22-cv-811 LPR/JJV,

2

2023 WL 6166568, at *4 (E.D. Ark. Mar. 2, 2023), report and recommendation adopted, No. 4:22-cv-811 DPM, 2023 WL 6162913 (E.D. Ark. Sept. 21, 2023), and certificate of appealability denied, 2023 WL 11160102 (8th Cir. Nov. 30, 2023).

Third, Meredith contends he's entitled to equitable tolling because he was pursuing his claims diligently in state court and because the state trial court did not rule on his postconviction petition for years. R. Doc. 8 at 4-5. His arguments are meritless. Whether Meredith was pursuing his claims diligently in state court has no bearing on whether he was reasonably diligent in filing his *federal habeas petition*. *See Gordon v. Hobbs*, 823 F.3d 1188, 11958 n.4 (8th Cir. 2016). He could have timely filed a federal habeas petition while his improperly filed Rule 37 petition was pending. Meredith was not diligent in seeking federal habeas.

Moreover, the trial court's delay in ruling on his postconviction petition is not "some extraordinary circumstance" that "prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Instead, Meredith's untimeliness is attributable to his own actions—his failure to comply with Ark. R. Crim. P. 37.1(b). If he had complied with the state procedural rules, then his habeas petition would have been timely despite the trial court's delay in dismissing his postconviction petition. A petitioner's pro se status, lack of legal knowledge or resources, or any confusion about state postconviction procedures does not justify equitable tolling. *See*

3

*Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004).  Thus, Meredith's not entitled to equitably toll the statute of limitations.

For the reasons explained herein and in R. Docs. 6 & 7, Meredith's untimely petition should be dismissed with prejudice.

                    Respectfully submitted,

                    TIM GRIFFIN
                    Attorney General

                    BY: BROOKE JACKSON GASAWAY
                    Arkansas Bar No. 2013255
                    Assistant Attorney General
                    101 West Capitol Avenue
                    Little Rock, Arkansas 72201
                    (501) 682-1315 [phone]
                    (50l) 682-2083 [fax]
                    brooke.gasaway@arkansasag.gov

                    **ATTORNEYS FOR RESPONDENT**